UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE,<br><br>        Petitioner,<br><br>    v.<br><br>NDOH,<br><br>        Respondent. | Case No.  1:20-cv-00303-NONE-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST CLAIMS<br><br>RESPONSE DUE IN THIRTY DAYS<br><br>ECF No. 1 |

Petitioner Joseph Haskell Maine, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner seeks relief from his convictions of two counts of second-degree murder, gross vehicular manslaughter, and driving without a license. *See* ECF No. 1 at 1. Because it

appears that petitioner has failed to exhaust some of his claims at the state level, we will order him to show cause why his petition should not be dismissed for failure to exhaust.[1]

**Discussion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Here, the California Court of Appeal affirmed petitioner's conviction on direct appeal on May 20, 2018 and the California State Supreme Court denied review on June 20, 2018. ECF No. 1 at 2-3. Before the California Supreme Court, petitioner raised two claims of trial-court error related to jury instructions: (1) that the trial court's failure to instruct on the "pinpoint defense" denied petitioner his constitutional rights and (2) that the trial court's instruction on permissive inference unconstitutionally lightened the prosecution's burden of proof. *See id*. at 16. Petitioner then unsuccessfully sought habeas relief three times from the Kern County Superior Court. *See id*. at 3-4. Petitioner's state habeas claims all differed from his claims on direct appeal, and he did not bring any of his habeas claims before the California Court of Appeal or California Supreme Court. *See id*. Therefore, it appears that the only claims petitioner fully exhausted at the state level are his two claims of instructional error before the California Supreme Court.

Petitioner now asserts four grounds for federal relief: (1) that he was not the cause of the accident because he entered the intersection while the stoplight was green;[2] (2) that the trial

---

[1] Petitioner previously sought habeas relief from the same conviction in our court. *See Maine v. Frauenheim*, No. 1:19-cv-00862-DAD-SAB (E.D. Cal. Feb. 11, 2020). Because that case was dismissed without prejudice for failure to exhaust, the instant case is not considered second or successive and may be considered here. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

[2] Considering the supporting information filed by petitioner, we will construe this claim to be the same claim as the "pinpoint defense" claim, which petitioner fully exhausted at the state level.

court's permissive inference instruction was erroneous; (3) that the cumulative effect of instructional errors requires reversal; and (4) that one of the jurors in his trial, a family member of the victim, was biased against defendant. ECF No. 1 at 5-10. Only the first and second claims were exhausted at the state level; it appears that petitioner's third claim of cumulative error and fourth claim of juror bias are not exhausted.

When a habeas petition presents both exhausted and unexhausted claims, as appears to be the case here, the petition is considered "mixed." *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017). Generally, "[f]ederal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).[3] However, a petitioner may avoid dismissal through seeking a stay and abeyance of his petition. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. *See Dixon*, 847 F.3d at 718-20. In this circuit, two procedures for staying a petition may be available while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2002).

Under *Rhines*, a stay and abeyance is available for mixed petitions where a petitioner can show good cause for his failure to exhaust his claims in state court, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics. *See Rhines*, 544 U.S. at 278. Upon this showing, the petition may be stayed while petitioner exhausts his claims at the state level. Once a petitioner has exhausted his claims, he may return to federal court with his fully exhausted petition. If a petitioner desires a stay under *Rhines*, he must demonstrate that he is entitled to a *Rhines* stay in his response this order.

Unlike a *Rhines* stay, a *Kelly* stay does not require a showing of good cause for delay. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). Under *Kelly*, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the

---

*See* ECF No. 1 at 16.

[3] For this reason, we order petitioner to show cause why his petition should not be dismissed for failure to exhaust. If petitioner has fully exhausted his federal claims, he is ordered to provide proof of exhaustion in his response.

3

court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding the newly-exhausted claims. *See Kelly*, 315 F.3d at

However, petitioner is forewarned that under *Kelly* he will only be able to amend his petition with his newly exhausted claims if those claims are timely when amendment is sought. *See King*, 564 F.3d at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, his claims must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[4] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*. If petitioner wishes to proceed with a stay under *Kelly*, he must notify us of his intention in his response to this order.

Alternatively, petitioner may amend his petition by deleting unexhausted claims and proceeding with his exhausted claims only. If this is petitioner's intention, he is directed to file an amended, fully exhausted petition in response to this order.

**Order**

Within thirty days of service of this order, petitioner must show cause why his petition should not be dismissed for failure to exhaust his claims. Petitioner should notify the court whether he wishes to: (1) seek a stay and abeyance under *Rhines*, which will require him to show, *inter alia*, good cause for his delay in exhaustion; (2) proceed with a stay under the *Kelly*

---

[4] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

4

procedure; or (3) amend his petition by deleting his unexhausted claims and proceed with the fully-exhausted petition.

IT IS SO ORDERED.

Dated:   April 15, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.

5