UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE,<br><br>    Petitioner,<br><br>    v.<br><br>NDOH,<br><br>    Respondent. | Case No.   1:20-cv-00303-NONE-JDP<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ECF No. 6<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A STAY AND ABEYANCE OF PETITION<br><br>ECF No. 7 |

Petitioner Joseph Haskell Maine, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On April 15, 2020, we ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust two of his claims at the state-level. ECF No. 6. On May 4, 2020, petitioner moved for a stay and abeyance to exhaust his claims. ECF No. 7. For good cause shown, we will discharge our order to show cause and grant petitioner's motion for a stay and abeyance.

**Discussion**

Petitioner seeks a stay and abeyance under the *Rhines* procedure. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a

1

1 petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."
2 *Id.* Therefore, a "stay and abeyance should be available only in limited circumstances. *Id*. Under
3 *Rhines*, a stay and abeyance is available only where: (1) there is "good cause" for the failure to
4 exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not
5 intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78.

6 "There is little authority on what constitutes good cause to excuse a petitioner's failure to
7 exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014).  Good cause under *Rhines* does not
8 require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th
9 Cir. 2005), however, a petitioner must do more than simply assert that he was "under the
10 impression" that his claim was exhausted, *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.
11 2008). "[T]he first element of the *Rhines* test can easily be established to the extent that
12 [petitioner was] without counsel" during his post-conviction proceedings. *Dixon v. Baker*, 847
13 F.3d 714, 722 (9th Cir. 2017). "A petitioner who is without counsel in state post-conviction
14 proceedings cannot be expected to understand the technical requirements of exhaustion and
15 should not be denied the opportunity to exhaust a potentially meritorious claim simply because he
16 lacked counsel." *Id*. at 721.  Here, petitioner was without counsel during his state post-conviction
17 collateral proceedings. ECF No. 1 at 13.  In support of his motion, petitioner states that he
18 "lacked understanding that [he] was able to take [his] habeas petition to the Court of Appeal."
19 ECF No. 7 at 1.  Considering petitioner's pro se status, we cannot expect petitioner to have
20 understood the technical requirements of exhaustion.  Therefore, we find that petitioner has
21 demonstrated good cause for his failure to exhaust.

22 Moreover, petitioner's unexhausted claims are not "plainly meritless."  First, petitioner
23 seeks to exhaust his claim that the cumulative effect of trial court instructional errors requires
24 reversal. ECF No. 1 at 8.  Habeas relief for cumulative trial error may lie where, "although no
25 single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the
26 cumulative effect of multiple errors [has] still prejudiced a defendant." *United States v.*
27 *Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996).  Second, petitioner claims that one of the jurors in
28 his trial, a family member of the victim, was biased against him. ECF No. 1 at 10.  The Sixth

1  Amendment guarantees a fair trial by a panel of impartial jurors to criminal defendants and jurors
2  should be "capable and willing to decide the case solely on the evidence before it." *Smith v.*
3  *Phillips*, 455 U.S. 209, 217 (1982).  Because both of petitioner's unexhausted claims are
4  cognizable on federal habeas review, they are not plainly meritless.

5      Finally, we have no reason to believe that petitioner engaged in "dilatory litigation
6  tactics," such as "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 278.
7  Upon receiving our order to show cause, petitioner expeditiously filed a new habeas petition in
8  the California Court of Appeal in an effort to exhaust his remaining claims.  ECF No. 7 at 1.

9      Therefore, petitioner has met the requirements of *Rhines* and we will grant his motion to
10  stay and hold in abeyance his petition until his remaining claims are exhausted at the state-level.

11  **Order**

12      1. The April 15, 2020 order to show cause is discharged.  ECF No. 6.
13      2. Petitioner's motion for a stay and abeyance of his petition is granted.  ECF No. 7.
14      3. Petitioner is directed to file a motion to lift the stay within 30 days of the California
15      Supreme Court issuing a final order resolving petitioner's unexhausted claims.

16
17  IT IS SO ORDERED.

18
19  Dated:   May 11, 2020                                   _____
                                                          UNITED STATES MAGISTRATE JUDGE
20

21  No. 206.