UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE, | Case No. 1:20-cv-00303-JLT-HBK (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO DELETE UNEXHAUSTED CLAIMS |
| v. | |
| NDOH, | (Doc. No. 23) |
| Respondent. | ORDER FINDING RESPONDENT'S MOTION TO DISMISS MOOT |
| | (Doc. No. 20) |
| | ORDER GRANTING LEAVE TO FILE A SECOND AMENDED PETITION |
| | TWENTY-ONE DAY DEADLINE |

Petitioner Joseph Haskell Maine, a state prisoner proceeding pro se, has pending an Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 17). Presently before the Court are Respondent's Motion to Dismiss grounds one and three of Petitioner's Amended Petition and Petitioner's Motion to Delete his unexhausted claims. (Doc. Nos. 20, 23).

On April 15, 2020, the Court entered an order to show cause why the Petition should not be dismissed for failure to exhaust two of his claims at the state-level. (Doc. No. 6). On May 4, 2020, Petitioner moved for a stay and abeyance of his petition so that he could exhaust his unexhausted claims. (Doc. No. 7). On May 11, 2020, the Court granted Petitioner's motion to

stay under *Rhines v. Weber*, 544 U.S. 269 (2005).  (Doc. No. 8).  On April 13, 2022, the California Supreme Court denied Petitioner habeas relief.  (Doc. No. 15 at 21).  On May 10, 2022, Petitioner filed an Amended Petition stating he has exhausted his claims and "would like to proceed" with his case.  (Doc. No. 15 at 14).  On June 3, 2022, the Court entered an order lifting the stay and directing Respondent to respond to the Amended Petition.  (Doc. Nos. 16-17).

On August 2, 2022, Respondent filed the instant Motion to Dismiss.  (Doc. No. 20). Respondent identifies the following claims in the Amended Petition: (1) Petitioner was not the cause of the accident because he entered the intersection while the stoplight was green; (2) juror bias because a family member of the victim was on the jury;[1] and (3) cumulative error based on instructional errors.  (*Id*. at 4 (citing Doc. No. 17)).  Respondent contends Petitioner did not present claims one or three to the California Supreme Court.  (*See* Doc. No. 21-19).  On August 22, 2022, Petitioner filed a motion to delete the unexhausted claims and proceed with the exhausted claims in his Amended Petition as follows: (1) "juror having said a bias opinion," and (2) "juror stated that he is the family member of the victim's family."  (Doc. No. 23).

Because the Amended Petition contains both exhausted and unexhausted claims it is a "mixed petition" and subject to dismissal, unless Petitioner establishes that a further stay is appropriate (and thus far he has not) or he seeks to amend or resubmit his operative petition to present only his exhausted claims.  *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).   Here, Petitioner notified the Court that he wishes to proceed only with his exhausted juror bias claim(s).  (Doc. No. 23 at ).  Consequently, the Court will allow Petitioner an opportunity to file a Second Amended Complaint asserting only his exhausted claim(s).

Accordingly, it is **ORDERED:**

1. Petitioner's motion to delete unexhausted claims (Doc. No. 23) is GRANTED.

2. Respondent's Motion to Dismiss (Doc. No. 20) is rendered MOOT.

3. Petitioner shall file a free-standing Second Amended Petition containing only his

---

[1] Respondent contends that ground two and ground four in the amended petition appear to raise the same juror bias claim.  (Doc. No. 20 at 4 n. 2).

exhausted claim(s) within twenty-one (21) days from the date of service of this Order.

4. Upon the filing of the Second Amended Petition, Respondent shall have thirty (30) days to file a response to the Second Amended Petition.

5. The Clerk of Court is directed to substitute Luis Martinez as Respondent in this matter and provide Petitioner with a blank habeas corpus form for his use in preparing his Second Amended Petition.

Dated:     October 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE