1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH HASKELL MAINE, | ) Case No.: 1:20-cv-0303 JLT HBK (HC) |
| Petitioner, | ) ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| LUIS MARTINEZ, | |
| Respondent. | |
| | ) (Docs. 25, 29) |

Joseph Haskell Maine is a state prisoner proceeding pro se with his Second Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting juror bias. (Doc. 25.) Petitioner contends: "Juror No. 3669228 admitted to a bias opinion against the defendant and is a family member of the victim family." (*Id.* at 4.)

The magistrate judge reviewed the state court decisions and observed that "the trial court promptly convened a hearing after Juror No. 3669228 made known to the trial court that he saw someone familiar in the audience." (Doc. 29 at 14.) The magistrate judge observed the trial court questioned the juror, and "neither the trial court nor defense counsel viewed Juror No. 3669228 as biased against Petitioner or favorable to the prosecution." (*Id.*) Further, the magistrate judge noted Petitioner did not "submit any evidence or even argument that casts doubt on trial court's apparent credibility determination." (*Id.*) The magistrate judge found "the Superior Court reasonably concluded that Juror No. 3669228 showed no actual or implied bias that resulted in a

Petitioner being denied due process during his trial." (*Id.* at 15.) In addition, the magistrate judge determined that "the state court's rejection of Petitioner's juror bias claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts." (*Id.*) Therefore, the magistrate judge recommended the petition be denied. (*Id.*)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 14 days. (Doc. 29 at 16.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed *a de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on March 4, 2024 (Doc. 29), are

        **ADOPTED** in full.

2. The Second Amended Petition for writ of habeas corpus (Doc. 25) is **DENIED**.

3. The Court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 25, 2024**                _/s/ Jennifer L. Thurston_
                                                       UNITED STATES DISTRICT JUDGE