# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HASKELL MAINE,<br><br>Petitioner,<br><br>v.<br><br>LUIS MARTINEZ,<br><br>Respondent. | Case No.: 1:20-cv-0303 JLT HBK (HC)<br><br>ORDER GRANTING IN PART PETITIONER'S REQUEST FOR AN EXTENSION OF TIME AND DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 32) |

The Court denied the petition filed by Joseph Haskell Maine, in which he asserted juror bias, and entered judgment on March 26, 2024. (Docs. 30, 31.) Petitioner now requests an extension of time and to have counsel appointed. (Doc. 32.) For the reasons set forth below, the request for an extension of time is **GRANTED IN PART** and the request for counsel is **DENIED**.

**I.      Extension of Time**

On April 26, 2024, Petitioner filed a request for a 90-day extension of time. (Doc. 32.) Petitioner reports that he "received … mail from the courts dated March 26, 2024." (*Id.* at 1.) However, Petitioner asserts he "was transported to Bakersfield hospital for complications of vertigo," on April 9, 2024; and he returned to the hospital for an unidentified period on April 11, 2024. (*Id.*) Petitioner asserts that his "mobility [was] at a miniscule level" and he was unable to "read or write or hold [his] head up." (*Id.*) As a result, Petitioner indicated the request for an

extension of time was drafted by an inmate who came to his assistance. (*Id.*) Thus, Petitioner requested "a 90 day extension of time due to serious medical condition." (*Id.*)

Notably, it is unclear for what purpose Petitioner seeks an extension. If Petitioner intended the extension to file a motion for relief from the judgment or reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, the Court lacks authority to extend the deadlines. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)"). Consequently, to the extent Petitioner's request was for the purpose of filing a motion under Rule 59 or Rule 60, the request is denied.

On the other hand, the Court is authorized limited authority to grant an extension of time for purposes of filing a notice of appeal. *United States v. Brown*, 626 F. App'x 688, 690 (9th Cir. 2015). In general, the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the deadline for filing a notice of appeal if the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The Ninth Circuit explained:

> Rule 4(a)(5) permits a district court to extend the time to file a [notice of appeal] if a party so moves within 30 days of the expiration of the [30]—day clock, but only permits the district court to extend the deadline to 1) 30 days after the close of the NOA period..., or 2) 14 days after the date when its order granting the motion to extend is entered—whichever is later.

*Brown*, 626 F. App'x at 690. Based upon Petitioner's reported hospitalizations and medical condition during the relevant 30-day period, the Court finds good cause appears for granting an extension of time. Because more 30 days have now passed following the initial deadline for Petitioner to file a notice of appeal, the Court grants an extension of 14 days from the date of service of this order. *See Brown*, 626 F. App'x at 690.

## II.     Motion for Counsel

Petitioner requests the Court appoint counsel due to his medical issues with vertigo. (Doc. 32 at 1.) Importantly, there currently is no absolute right to appointment of counsel in habeas proceedings. *See e.g.*, *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the

appointment of counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time, particularly because the Court has ruled on the merits of the petition and entered judgment in the action. Therefore, Petitioner's motion for appointment of counsel is denied without prejudice.

### III. Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Petitioner's request for an extension of time is **GRANTED IN PART**.
2. To the extent Petitioner requests an extension of the deadlines imposed under Rules 59 and 60 of the Federal Rules of Civil Procedure, the request is **DENIED**.
3. Petitioner **SHALL** file any notice of appeal **within 14 days** of the date of service of this order.
4. Petitioner's request for appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated: **July 1, 2024**

_____
UNITED STATES DISTRICT JUDGE

3